Eroroi, Judge.
I concur with the senior members
Of the court. The judge of the Superior Court, in the exposition of the reasons of his opinion, which he has given with ability, places the question upon the ground of the departure, which has been allowed in this state, ■ from the calls of a deed. That he is correct in saying, that such a departure has been allowed, is beyond a doubt. There is no error in that. But he seems also to think, because parol evidence is heard, and upon it the deed is controlled, that therefore the sufficiency of proof is for the jury to determine. In that, I conceive,, is the mistake. The truth of parol evidence is for the. jury ; so also its sufficiency, where it does not refer to some question of law. The stating of a few plain principles will set this question in a clear light. A deed is construed by the court, not by the jury; What land by its terms it was intended to cover, is just as much matter of law, as what estate it conveys. I do not mean, that the location of the termini is decided by the court.; for that is to be learned only from witnesses. But what are the termini, wherever found by the jury, must be ruled by the court. Where a deed therefore is read, the court says, it covers the land only between such and such points. If any of the particular rules of construction, made necessary by our situation and adopted by our courts, are then resorted to, for the purpose of showing that it covers other and more land, than by its words it would, the evidence offered to that point, except as to its veracity, is still addressed to the court. It must he so ; else the construction is with the jury. If a stake is called for, itisnotto be proved tothejury,thattherewasa Stake, and they told that if they are satisfied it was set. up for a boundary, and are also satisfied that the boundary thus designated was made upon actual survey, they *77 may carry tbe deed to it, because in law an object thus-.perishable) and so easily destroyed or removed, is not sufficient to control the deed ; and it would be just as. reasonable to control it; upon.mere proof of a survey to a particular spot, not at all designated by a call in the deed, nor marked by any erection whatever. The jury are not to hear this evidence as a ground of inferenceby them that particular land was actually surveyed; because if it- was surveyed, it was not conveyed by the ■ deed. All matter is indeed subject to decay.; but that portion of it, which must by- nature be decomposed in a very short-time, cannot be deemed a land-mark, suffi-eiently obvious and durable, to alter the construction of a deed, It-is going far enough, to admit such an influence for objects longer lived than one or two generations of men. If then, after giving full credence to testimony, it does not establish a fact sufficient.in law to alter the construction, the court must pronounce it. In other words, the court must pass upon the sufficiency of the proof. There is no difficulty in understanding this, if we suppose the court, as regularly they might and perhaps ought, to call on the counsel to state the purport of his evidence, when he offered the witness. If it did not establish a case for going off from the deed, no part of it could be heard. It would be irrelevant, because insufficient fop the purpose designed.
Stakes have never- yet varied the construction, Marked trees, tho’ not called for, have, where they were proved by the- annual growth to have been marked for tiie particular tract. To relax the rule still further, would be to let in an inundation of fraud, perjury, and alteration of land-marks. Difficulties enough have been experienced in expounding and locating deeds under the. established rules ; and the safety of titles requires, that. .'the doctrine should stand at what it is.
Per Curiam* — Judgment reverse^.